UNITED STATES DISRTICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
DEC 17 2007
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

UNITED STATES OF AMERICA § § § CASE NO. 2:07CR064-WHA
VS. § § MOTION FOR REDUCTION OF
DEL CID JORGE ALBERTO § § SENTENCE PURSUANT TO
§ 28 U.S.C.A. §2255

2:07cv1094-WHA

## INTRUDCTION

Come now Defendant, Del Cid Jorge alberto, And respectfully moves this Honorable Court Pursuant to 28 U.S.C.A. § 2255 to reduce his sentence by two points.

He justifies this downward departure on grounds that counsel faied, to argue that Defendant's ineligibility for minimum security confinement, drug program, and Pre-Release custody as a resuult, of his status as a deportable alien constituted significant mitigating factors that should have been considered by the Sentencing, court.

Defendant asserts that disperate sentences that result between alien ans American Inmates as a consequence of Immigration detainers, logdged automatically in an alien's, Bureau Of Prisons(BOP File constitute a violation of equal protection under the Law. Const. Amend. 14.

Defendant is native from El Salvador, Defendant pled guilty to charges of violation pursuant 18: 1326 (A) RE- Entry of Deported Alien.

The Pre- Sentence report (PSI) clearly states that the Defendant could be deported as a result of his conviction ,.In Spite of this, counsel fails to raise the issue of deportability as a mitigating circumstances at sentencing. Defendant claims that this prejudicial omission by counsel constitutes a performance below accepted professional standars which warrant Resentencing.

## LAW AND ARGUMENT

1.- PREJUDICIAL ERROR

Pursuant To United states VS. Gaither,1F.3D.1040 Cir.1993)trial Courts May Property depart Downward from Resentencing Guidelines. if-

(1)

(1991) (trial court departed downward to account for mitigating circumstances stemming from consquences of alien defendant's accepting deportation.)

The United states Setencing Commission did not consider that the impact of a defendant's status as a deportable alien would beget him harsher treatment by the Bureau of Prisons. U.S.v. Anderson, 82 F.3d 439 (D.C. Cir 1996). In citing U.S. v.Smith, 27 F,3d 649 (D.C. Cir. 1994), the Anderson court said:

> "In that case,holding that a dowward departure was permissible where defendant would serve his sentence under harsher conditions solely because he was a deportable alien, neither the majority nor the dissent could find any suggestion that the Commission had considered that circumstances at all in establishing the guidelines.

Anderson,82 F.3d at 438.

In Smith, the court carefully analyzed the Bueau of Prisons approach to determining whether a deportable alien may be eligible for 'community confinement'(halfway house) for the last ten percent of his sentence. and whether he might be designated to a minimum security facility before the last ten percent of his sentece. Smith,27 F.3d at654.The court concluded that a downward depar ture may be appropriate if the defendant's status as a deportab - le alien is likely to cause him to be precluded from these benefits. Id at 655.

Although the eleventh circuit has taken a contradictory approach to this issue in U.S. v. Veloza, 83 F.3d 380,382 (11th Cir.1996), the conflict among circuits creates the need to consider this matter further. The Veloza courtrelies on U.S. v. Restrepo, ,999F.2d 640,644 (2nd Cir.1993). Also see U.S. Ebolum. 72 F.3d 35 (6th Cir.1995),and U.S. v.Mendoza-Lopez, 7 F.3d 1483 (10th Cir.1993).

As the Smith court noted.

> "Restrepo was followed without further explanation in U.S v.Mendoza-Lopez, 7F.3d 1483,1487 (10th Cir.1993) and U.S. v. Nnanna, 7 F.3d 420 (Cir.1993).U.S. Alvarez-Cardenas,920 F.2d 734 (9th Cir 1990),rejected a defendant's unexplained claim that his status as a deportable alien was grounds for a downward departure. In that contes the court indeed observed that mere fact of deportability did not render his crime seriously or speak to his character. Id at 737.Thus Lara (905 F.2d 599 (2nd Cir.1990).,and sequelae appeared to be the only cases expressly addressing the issue of departure circumstances that accidently lead to an increase in the objective severity of defendant conditions of incarceration.Cf. Dissent at 668.

Smith,27 f.#d at 655.N.6.In other words, the Ninth and Tenth Circuit have held tha the fact that someone is deportable is not. in and of itself, a basis for downward departure. However, they have neither explained why nor delved into the facts of the case. Only the secound Circuit has, in Lara.

Ultimately relying on U.S.S.G.,Ch.1,Pt.A.§ 4(b)aND 18 U.S.C.§3553(b),the smith court soundly rejected the reasonig of restrepo,and by inference Veloza.in 18 U.S.C. § 3553 (b),Congess directed that

> "The court shall impose a sentece of the kind, and within the rage referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind,or to a degree,not adequately taken into consideration by the Sentencing commission in formulating the guidelines......

See smith.27 F.3d at 651.Ch.1 Pt A.§4(b)of the guidelines provides that such departures will be highly infrequent.also see Smith,- 27 F.3d at655.
the Bureau of Prisons policy on the matter allows assignmant to a minimum security prison or community correction center for deporable aliens who have a history of strog family or community ties.of domicile in the U.S. of five years or more,and stable employment.Program Statement 5100.04: Security Designation and Custody Classification Manual,Ch.2-9.Id.at 655.The Bureau of Prisons applies the same criteria to its determination as to whether an alien is eligible for minimum security facility.Id.at 654.

The 9th circuit has held that the fact of deportability,without more,is insufficient to warrant a downward departure under U.S.S.G. §5K2.0.United States v. Cubillos,91 F.3d 1342 (9th Cir.1996). It further held that 9the district courts must make a refined - assessment of the many facts bearing on the outcome." Id@ 1345.- defendant takes the position that the circumstances described in the next section warranted that counsel argue for,and the court consider at sentencing,the effects of his mandatory INS detainer- defendant's incarceration.

11. Ineffective Counsel.
Claims of ineffectivity of counsel must state that counse's error or omission constituted a failure to exercise the skill and judmnt of a reasonably competent attorney,and that counsel's deficient performance prejudiced defendant. Strickland v. washington, 466 U.S.668,686 (1984).
In the instant case, counsel was aware that Defendant was an alien. Defendant speaks english only with difficulty.
Further,as stated above, the PSI makes it clear That Defendant is subject to deportation. Counsel recived the PSI at least 10 days prior to the day of sentencing. counsel also notified Defendant - that he could be deported as a result of his conviction. despite these flags, counsel inexplicably fails to raise deportability as a mitigating factor at sentencing or to advise Defendant of this form of relief.
This is even more perplexing in light of the attorney General's- Sentencing Memorandum to all U.S. Attorney dated april28,1995.- authorizing prosecutors to agree to recommend a one or two level downward departure from the applicable guideline sentencing range in return for an alien's concession of deportability and agrrment to accept a final order of deportability.Although the U.S.Attorney's Office for this district has chosen not to exercise such dis cretion, though this memorandum the attorney General.

though this memorandum the Attorney General Concedes that - "Such downward departure is justified on the basis that is - conduct not contemplated by the Guidelines See U.S.S.G. § 5K-20. App. A At page 2. Counsel failed to raise this matter with-the U.S. Attorney Office During plea negotiations, thus inexplicably and gratuitously forfeiting this bargaining chip to the - Defendant's Detriment.

this would not be so bad were it not for Defendant;s further ineligibility for B.O.P. Early Release programs. Defendant is now rendered ineligible to participate in the Drug Rehabilitation program as well . 18 U.S.C. § 3621. Successful upon completation of the Course.
Defendant's disqualification for community supervised" aftercare" as a result of his Immigration Detainer render him ineligible for this program. 18 U.S.C. § 3621 (e)

Defendant is further barred from qualifying from early release - pursuant to 18 U.S.C. § 3624 (c). A program which enables the - prisoner to be phased into the community up to six months piror - to his release.

as an example of how this benefits create sentencing disparities. Defendant illustrates the following case: An American Sentence to 60 months for a drug Offense is elligible for a maximum reduction, in his sentence of 1 year Drug Program and 6 Months Half-way-house. Without considering good conduct time credits,which is common, to all Inmates, the american is out on the streets a year - and half earler than his Alien counterpart. This disparate trat - ment is underserved and constitutes a violation of equal protection of the Laws. Const.Ammend. 14.

## CONCLUSION

Wherefore, for the foregoing reasons, Defendant Respectfully requests taht this Honorable Court Grant him a two points downward - departure from his sentence.

    Respectfully Submitted  This Day _2 ._ ,Of This Month
_/2___ ,Of This Year, 2007.

*Jorge alberto Del Cid*

Del Cid Jorge alberto
Reg No. 12158-002
Giles w dalby corr. Facility
805, North Avenue F
Post, Texas 79356.