IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Civil Action No. 2: 07-CV-1094-WHA |
| v.   ) | (2:07-CR-0064-WHA) |
| ) | |
| JORGE ALBERTO DEL CID   ) | |

AFFIDAVIT

STATE OF ALABAMA     )
                     )
COUNTY OF MONTGOMERY )

I, DONNIE W. BETHEL, being duly sworn, states as follows:

1.  I am currently employed by the Office of the Federal Defender for the Middle District of Alabama. On March 20, 2007, Magistrate Judge Wallace Capel appointed our office to represent Petitioner. On March 22, 2007, I filed my notice of appearance. I represented Petitioner from that point forward, including handling his appeal to the 11th Circuit Court of Appeals; however, I was not present during Petitioner's sentencing hearing, at which my co-counsel, Mr. Michael Petersen, represented Petitioner.

2.  On December 17, 2007, pursuant to 28 U.S.C. 2255, Petitioner filed a petition to vacate, set aside or correct his sentence in this case. (Doc. # 1).

3. Also on December 17, 2007, pursuant to 28 U.S.C. 2255, Petitioner filed a petition for reduction of his sentence. (Doc #2).

4. This affidavit is in response to this Court's Order, entered on December 20, 2007. (Doc. # 3).

5. In Doc #1, Petitioner alleges in Ground One that I told him that he would receive sentence to imprisonment of no more than 12 months or eight months. This assertion is incorrect. I fully explained to Petitioner the United States Sentencing Guidelines and the statutory maximum sentence.

6. In Doc #1, Petitioner alleges in Ground Two that the Government failed to disclose evidence that was favorable to the Petitioner. I do not know to what evidence Petitioner refers. Petitioner also alleges that counsel recommended that he not explain why he was in this country illegally. Prior to the sentencing hearing, I never advised Petitioner not to address the court. Mr. Petersen has filed an affidavit in which he addressed what transpired during the sentencing hearing regarding this issue.

7. In Doc #1, Petitioner alleges in Ground Three that his conviction violates the Constitutional prohibition against double jeopardy. I do not understand Petitioner's basis for this assertion. Further, there is nothing to indicate that Petitioner had been previously prosecuted for the same crime.

8. In Doc #1, Petitioner alleges in Ground Four that I was ineffective because I failed to show up in court. On May 23, 2007, I met with Petitioner and an interpreter to discuss his Presentence Investigation Report (PSR). I also explained to him that I would be in Florida on official business during his scheduled sentencing hearing, which was set for May 31, 2007. I told

him that I could move to continue his sentencing hearing, or that another attorney from my office could cover the hearing. Because Petitioner's Guideline range was zero to six months and he was eligible to receive a sentence of time served, he preferred to proceed to sentencing with another attorney from my office, rather than have his sentencing hearing postponed.

9. In Doc #2, Petitioner alleges that "counsel failed, to argue that Defendant's ineligibility for minimum security confinement, drug program, and Pre-Release custody as a result, of his status as a deportable alien constituted significant mitigating factors that should have been considered by the Sentencing, court." Consideration of whether the Petitioner could gain entry into a drug program would not have been a mitigating factor, as no evidence was presented to the court that Petitioner suffered from any substance abuse problems. However, as to his ineligibility for minimum security confinement and pre-release custody, i.e., moving to a halfway house, Petitioner is right. I should have argued in a sentencing memorandum to the sentencing court that it should consider these significant mitigating factors in determining an appropriate sentence. My failure to do so substantially prejudiced the rights of the Petitioner to a fair sentencing hearing, and Petitioner should be granted a new sentencing hearing.

Further Affiant saith not.

_____
DONNIE W. BETHEL
Affiant

STATE OF ALABAMA            )
                            )
MONTGOMERY COUNTY           )

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **DONNIE W. BETHEL**, whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, he executed the same voluntarily, on the day the same bears date.

GIVEN under my hand and official seal this 9th day of January, 2008.

(SEAL)

Carla Henderson
Notary Public
My Commission Expires: 11/8/11

3

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Civil Action No. 2: 07-CV-1094-WHA |
| v. ) | (2:07-CR-0064-WHA) |
| ) | |
| JORGE ALBERTO DEL CID ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this 10th day of January, 2008, served a copy of the foregoing upon the following, by placing a copy of the same in the U.S. mail, postage prepaid and properly addressed to:

> Jorge Alberto Del Cid
> Prisoner No. 12158-002
> Giles W. Dalby Correctional Facility
> 805 North Avenue F
> Post, TX 79356

I hereby also certify that on January 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Sandra J. Stewart, Esq., Assistant United States Attorney.

Respectfully submitted,

*/s/ D. W. Bethel*

DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: don_bethel@fd.org
IN Bar Code: 14773-49

5