**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JORGE ALBERTO DEL CID,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07cv1094-WHA** |
| | ) | **(CR No. 2:07cr064-WHA)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## UNITED STATES'S RESPONSE TO § 2255 MOTION

COMES NOW the United States of America ("the Government") by and through its

attorneys, Leura G. Canary, United States Attorney, and Sandra J. Stewart, Assistant United

States Attorney, and in compliance with this Court's December 20, 2007 order, responds to

Petitioner Jorge Alberto Del Cid's Motion Under § 2255 To Vacate, Set Aside, Or Correct

Sentence By A Person In Federal Custody, as follows:

## I.  PROCEDURAL HISTORY AND RELEVANT FACTS

Petitioner Jorge Alberto Del Cid ("Del Cid") was charged in a single count indictment

with being an alien in the United States after having been previously deported.  *See* GX A (Doc.

8)[1], a copy of the indictment, attached to this response.  Specifically, Del Cid's indictment

charged that, on or about March 2007, in Montgomery County, Alabama, within the Middle

District of Alabama, Del Cid, an alien, knowingly re-entered and was found in the United States

after having been deported, without obtaining the permission of the Secretary of Homeland

---

[1]The references to "Doc." are to the docketed entries from Del Cid's criminal case,
criminal case number 2:07cr064-WHA.

Security or the Attorney General of the United States, in violation of 8 U.S.C. § 1326(a).  At his arraignment on April 20, 2007, Del Cid, represented by Donnie Wayne Bethel of the Federal Defender's Office for the Middle District of Alabama, entered a plea of not guilty.  (Doc. 12)

On April 26, 2007, Del Cid filed a notice of intent to change his plea to guilty (Doc. 13), and on April 27, 2007, he entered a plea of guilty to the charge in his indictment (Doc. 16).

Before sentencing, Michael J. Petersen, also with the Federal Defender's Office for the Middle District of Alabama, entered a notice of appearance as counsel for Del Cid.  (Doc. 18) A sentencing hearing was held before the Honorable W. Harold Albritton on May 31, 2007.  *See* GX B (Doc. 24), a copy of the May 31, 2007 sentencing hearing transcript, attached to this response.  An interpreter attended the sentencing hearing to interpret the proceedings for Del Cid. GX B at 2.

After determining Del Cid's correct name and identity, the Court asked Del Cid if he had reviewed the presentence report with his attorney, and he responded that he had.  *See* GX B at 4. Counsel for Del Cid also indicated that he had reviewed the presentence report with Del Cid as had his previous counsel, Mr. Bethel.  *Id*.  Counsel for Del Cid indicated that the defense had no objections to the presentence report.  *Id*.  The Government also had no objections to the presentence report.  *Id*. at 5.

The Court then proceeded to sentence Del Cid.  The court found that Del Cid's offense level was six and that his criminal history category was I, resulting in a Sentencing Guidelines range of from zero to six months in prison; a supervised release period of on year; and a fine range of from $500 to $5000.  *Id*. at 5.  The statutory maximum sentence of imprisonment for Del Cid's crime of conviction was two years.  *Id*.

After asking counsel for Del Cid if he had anything to say before sentence was pronounced, defense counsel pointed out to the Court that the probation officer had recommended a sentence in accordance with the Sentencing Guidelines range of six months, and it informed the court that it agreed with that recommendation. *Id*. When the Court asked Del Cid if he had anything to say before sentence was pronounced, he replied, "No." *Id*. The Government did not recommend any particular sentence in the case, when asked if it had anything to say. *Id*.

The Court then proceeded to sentence Del Cid to the statutory maximum term of imprisonment – a sentence of 24 months (two years) in prison. *Id*. at 6-8. The Court explained its reasons for the sentence it imposed as follows:

> ... I have reviewed this presentence report and I have determined that the advisory guidelines are totally inadequate for the sentence in this case, that the guideline range is not a reasonable sentence, and I base that on several things.
>
> This is not the first time that this Defendant faces deportation. The records show that he was ordered deported in May of 1981, but there's no record as to whether he was actually deported at that time. The record shows that he served a short sentence, 60 days reduced to time served, in Laredo, Texas. There's nothing in the presentence report as to what happened to him after that, but it does reveal that the Defendant was deported on April 28, 1987, and came back into the United States illegally and was deported again on January 13th, 2006, and the very next month illegally reentered the United States through California. That's in February of 2006 and the basis of this offense.
>
> I'm called on in arriving at a reasonable sentence not only to consult the guidelines, which I have done and have taken them into consideration, but also to consult the provisions of 18 United States Code Section 3553 in arriving at a sentence that is sufficient but not greater than necessary to comply with the purposes of Section 3553(a)(2). In looking at those considerations under all the facts and circumstances of this case, I am struck with the fact that a substantially higher sentence is necessary in consideration of the nature and circumstances of the offense and the history and characteristics of the Defendant, which I have just described, his having been deported twice before, reentering, and reentering one

month after his last deportation.

I have also considered under 3553(a) the necessity to reflect the seriousness of the offense, to promote respect for the law – this Defendant has obviously shown no disrespect [sic.] for the laws of the United States as far as entry into this country illegally – provide just punishment for the offense. I've also looked at the necessity for a sentence to afford adequate deterrence to criminal conduct. A sentence within the guidelines range in this case would, in my mind, do hardly anything to deter criminal conduct of the nature of which the Defendant has been convicted and has pleaded guilty. Also, I've looked at the necessity to protect the public from further crimes of the Defendant, that being reentry.

Its my finding that a severe sentence is necessary to impose on the Defendant in this case in hopes that this is the last time that we will see this individual illegally reenter this country. I will say to you, Mr. Del Cid, that if you apply for legal entry into this country, I'm sure that it will be considered. And that's the way to come back in. But other than that, it appears to me you've had no substantial consequences from your entries, illegal entries, other than to be again deported. That's not going to be the case this time. I'm going to sentence you so that you will be adequately punished.

And taking into consideration the deterrence of others to commit these same offenses, I'm going to vary from the guidelines. There's no basis for departing upward from the guidelines, within the guidelines system, but I'm going to – considering all these circumstances and things that I've just set out, I'm going to vary from the guidelines and I'm going to sentence the Defendant to the maximum term allowed under the statute.

So having made those considerations, it is the order, judgment, and decree of the Court that the Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months.

GX B at 6-8. The court also ordered that, on Del Cid's release from prison, he be placed on

supervised release for a period of one year, subject to mandatory, standard, and special

conditions; that he pay a special assessment fee of $100; and that imposition of a fine be waived

due to Del Cid's inability to pay. GX B at 8-9.

After the sentence was pronounced, Del Cid objected to the ultimate sentence of two

4

years, asserting that the sentence was unreasonable, even though, as the Court had stated, Del Cid

had reentered the United States illegally on at least two previous occasions, possibly three

previous occasions. GX B at 10. The objection was overruled, GX B at 10, and the sentence was

ordered imposed as stated, GX B at 11. The Court then advised Del Cid of his right to appeal his

sentence, and the proceedings were adjourned. GX B at 11. A final judgment was entered in the

case on May 31, 2007. *See* GX C (Doc. 21), a copy of the final judgment, attached to this

response.

Del Cid timely filed a notice of appeal on June 4, 2007 (Doc. 22), and he appealed to the

United States Court of Appeals for the Eleventh Circuit. In his brief to that court, Del Cid raised

one issue: "Whether the district court's imposition of the statutory maximum term of

imprisonment of twenty-four months as an upward variance was unreasonable." *See* GX D, a

copy of Del Cid's brief in the Eleventh Circuit, attached to this response. The Government filed

its responsive brief, *see* GX E, a copy of the Government's Eleventh Circuit brief, and the

Eleventh Circuit affirmed Del Cid's sentence in an unpublished opinion on November 8 , 2007,

*see* GX F, a copy of the Eleventh Circuit's opinion in this case, *United States v. Del Cid*, No 07-

12594, 2007 WL 3307319 (11th Cir. Nov. 8, 2007), attached to this response.

Del Cid filed his motion under 28 U.S.C. § 2255 challenging his conviction and sentence

on December 12, 2007. This Court ordered the Government to file a response within 30 days of

its December 20, 2007 order. This response follows.

## II. CLAIMS RAISED IN THE § 2255 MOTION

As far as the Government can discern, Del Cid raises the following nine issues in his §

2255 motion:

1.    His guilty plea was not voluntarily and intelligently made because his attorney told him he would not receive a sentence more than 12 months or eight months for the reentry charge, and he, in fact, then received a sentence of 24 months in prison, even though he did not have any prior convictions for any aggravated felonies.

2.    His appellate counsel was ineffective for failing to raise on appeal the issue regarding the involuntariness of his plea based on his district court counsel's misadvising him in the district court that he would not receive a sentence of more than eight or 12 months.

3.    His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to him.

4.    He was not given the opportunity to explain to the court his reasons for his illegal reentry.

5.    His counsel was ineffective for recommending to him that he not explain his reasons for the illegal reentry to the Court.

6.    His conviction was obtained in violation of the Double Jeopardy Clause because his sentence was enhanced based on his previous reentry charges.

7.    His appellate counsel was ineffective for failing to raise on appeal the issue that his rights under the Double Jeopardy Clause were violated when his sentence was enhanced based on previous reentry charges.

8.    He was denied the effective assistance of counsel when his attorney failed to show up for sentencing and sent another attorney in his place to represent Del Cid at sentencing. The new attorney did not raise the other issues that Del Cid had brought to his other attorney's attention and asked him to raise.

9.    His trial counsel was ineffective for failing to bring to the Court's attention as a mitigating circumstance that, because he was a deportable alien, he was ineligible for minimum security confinement, for a drug treatment program, for pre-release custody, for community confinement, or for early release, and for failing to argue that such unequal treatment violated the Equal Protection Clause of the 14th Amendment.

As explained below, all of Del Cid's claims of error are procedurally barred from this Court's

review, except his ineffective assistance of district court and appellate counsel claims, because

they were not raised in the district court or on direct appeal, but they could have been.  As to Del

Cid's ineffective assistance of counsel claims, Del Cid is entitled to no relief from this Court

because he has failed, as to each claim, to establish both deficient performance and prejudice.

### III.  RESPONSE TO CLAIMS FOR RELIEF

**A.**    **Del Cid Has Met The One-Year Statute Of Limitations Under 28 U.S.C. § 2255.**

Del Cid has filed his § 2255 motion in a timely manner under paragraph six of 28 U.S.C.

§ 2255, which provides a one-year period of time to seek relief under the rule.  Section 2255

states that a motion be filed within one year from:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution and laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.  The relevant date for purposes of Del Cid's § 2255 motion is paragraph

(1), the date on which the judgment of conviction became final.

The final judgment in Del Cid's criminal case was entered on May 31, 2007.  *See* GX C

(Doc. 21).  He timely appealed his sentence to the United States Court of Appeals for the

Eleventh Circuit, which issued its opinion in the case on November 8, 2007.  *See* GX F.  A

judgment of conviction becomes final for someone who appeals to an appellate court when the

time for seeking certiorari review in the Supreme Court expires.  *See Close v. United States,* 336

F.3d 1283, 1284-85 (11th Cir. 2003); *Kaufman v. United States*, 282 F.3d 1336, 1337-39 (11th

Cir. 2002).   Del Cid had 90 days from the November 8, 2007 opinion in which to file a petition

for a writ of certiorari in the United States Supreme Court, and his conviction and sentence

became final for purposes of § 2255 when that 90 days was ended.  *See* Sup.Ct. R. 13(1) and (3);

*see also Close v. United States*, 336 F.3d at 1284-85.  His conviction and sentence became final,

therefore, on February 6, 2008.  Under § 2255, Del Cid then had until February 6, 2009 – one

year after February 6, 2008 – to file his motion in this Court.  He filed the instant motion on

December 12, 2007, well-within – and actually before – one year from the time the judgment in

his case became final.  It is, therefore, timely under the limitation period in § 2255 ¶ 6(1).

### B.      Issues 1, 3, 4, and 6 Are Procedurally Barred From This Court's Review Because They Could Have Been Raised And Decided On Direct Appeal, But They Were Not.

In issues 1, 3, 4 and 6 of his motion, Del Cid raises substantive, non-ineffective assistance

of counsel claims that could have been raised in Del Cid's direct appeal, but were not.  Those

four issues are procedurally barred from being raised in this collateral proceeding.

The following four issues are barred from review in this Court because they could have

been raised in Del Cid's direct appeal, but they were not:

1.      His guilty plea was not voluntarily and intelligently made because his attorney told him he would not receive a sentence more than 12 months or eight months for the reentry charge, and he, in fact, then received a sentence of 24 months in prison, even though he did not have any prior convictions for any aggravated felonies.

3.      His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to him.

4.    He was not given the opportunity to explain to the court his reasons
for his illegal reentry.

6.    His conviction was obtained in violation of the Double Jeopardy
Clause because his sentence was enhanced based on his
previous reentry charges.

A motion under § 2255 cannot be used as a substitute for appeal, *Burke v. United States*,
152 F.3d 1329, 1331 (11th Cir. 1998), and claims not raised on direct appeal that could have
been are generally barred from review in § 2255 proceedings, *McCoy v. United States*, 266 F.3d
1245, 1258 (11th Cir. 2001).  In *Mills v. United States*, 36 F.3d 1052 (11th Cir. 1994), the
Eleventh Circuit succinctly summarized the law concerning procedural default as follows:

> Generally speaking, an available challenge to a criminal conviction or
> sentence must be advanced on direct appeal or else it will be considered
> procedurally barred in a [Section] 2255 proceeding....  A ground of error is usually
> "available" on direct appeal when its merits can be reviewed without further
> factual development....  When a defendant fails to pursue an available claim on
> direct appeal, it will not be considered in a motion for [Section] 2255 relief unless
> he can establish  cause for the default and actual prejudice resulting from the
> alleged error....  Alternatively, under the fundamental miscarriage of justice
> exception, "in an extraordinary case, where a constitutional violation has probably
> resulted in the conviction of one who is actually innocent, a federal habeas court
> may grant the writ even in the absence of a showing of cause for the procedural
> default....

*Id.* at 1055-56 (internal citations omitted).  *See also McCoy v. United States*, 266 F.3d at 1258
("A claim not raised on direct appeal is procedurally defaulted unless the petitioner can establish
cause and prejudice for his failure to assert his claims on direct appeal.").  The burden of
demonstrating cause and prejudice or a miscarriage of justice is on the movant.  *See*, *e.g.*,
*Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally
defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if
the defendant can first demonstrate either 'cause' and actual 'prejudice,'... or that he is 'actually

innocent[.]' ").

Other than ineffective assistance of counsel, Del Cid has offered nothing to this Court to support a cause and prejudice or miscarriage of justice argument to overcome his procedural defaults.  And, as is demonstrated below, none of his claims of ineffective assistance of counsel have independent merit and, therefore, they cannot provide the necessary cause to overcome his procedural defaults either.  *See*, *e.g.*, *Black v. United States*, 373 F.3d 1140, 1146 (11th Cir. 2004) ("As [the defendant] cannot show that his ... counsel's performance was deficient, he cannot show that he received ineffective assistance of counsel as to overcome his procedural default for not raising this issue on direct appeal.").  Therefore, claims 1, 3, 4, and 6, should be dismissed on procedural grounds.

Moreover, if this Court were to reach the merits of the four defaulted claims, it should reject them.

First, as to the issue 1 in which Del Cid argues his counsel told him that he would receive a 12 or eight month sentence and that for that reason his plea was involuntary, in the affidavit provided by Del Cid's counsel, Mr. Bethel, Mr. Bethel refutes Del Cid's contention, explaining that he fully explained to Del Cid "the United States Sentencing Guidelines and the statutory maximum sentence."  *See* Affidavit of Donnie W. Bethel, at 2, ¶ 5.  Because Del Cid was not told his sentence would only be eight or 12 months, the factual basis of his claim is without merit, and his plea could not be involuntary on that basis.  Del Cid's first contention is meritless.

Second, as to issue 3 in which Del Cid argues his conviction was obtained by the unconstitutional failure of the prosecution to disclose to Del Cid evidence favorable to him, Del Cid has wholly failed to present this Court with any allegations of fact to support such a claim.

"In order to establish a *Brady* [*v. Maryland*, 373 U.S. 83, 87 (1963)] violation, a defendant must prove: (1) that the government possessed evidence favorable to the defense; (2) that the defendant did not possess the evidence and could not obtain it with any reasonable diligence; (3) that the prosecution suppressed the evidence, and (4) that a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense." *United States v. Schier*, 438 F.3d 1104, 1106 (11th Cir. 2006). Del Cid has failed to meet his burden of establishing all of these factors (in fact, he has established none of them), and his issue 3 should, therefore, be rejected.

Third, as to issue 4 in which Del Cid claims he was not given the opportunity to explain his reasons for his illegal reentry, that issue is refuted by the record. At sentencing, Del Cid was asked if he had anything to say before his sentence was imposed, and he replied, "No." *See* GX B at 5. Therefore, he was given the opportunity to explain his reasons for reentering the country, and his contrary argument is without merit. It should, therefore, be rejected.

And fourth, as to issue 6 in which Del Cid alleges his conviction was obtained in violation of the Double Jeopardy Clause because his sentence was enhanced based on his previous reentry charges, Del Cid has failed to explain how his double jeopardy rights were violated by consideration of his previous reentry charges. "The double jeopardy clause ... prohibits successive prosecutions and multiple punishments. It 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Harvey*, 78 F.3d 501, 504 (11th Cir. 1996), *citing North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).

11

Del Cid was not punished twice for the same offense, after being convicted or acquitted of that offense, and he was not punished multiple times for the same offense.

Moreover, the Supreme Court has held that "[a]n enhanced sentence imposed on a persistent offender ... is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Monge v. California*, 524 U.S. 721, 728 (1998). Such a sentence does not violate the Double Jeopardy Clause. *See Nichols v. United States*, 511 U.S. 738, 747 (1994). Therefore, Del Cid's double jeopardy argument should also be rejected because it is legally without merit.

**C.**  **Del Cid's Ineffective Assistance Of Counsel Claims (Issues 2, 5, 7, 8, and 9) Should Be Denied Because He Has Failed To Demonstrate The Requisite Deficient Performance And Prejudice As To Those Claims.**

Finally, Del Cid raises five issues of ineffective assistance of counsel. Those five issues are as follows:

2.    His appellate counsel was ineffective for failing to raise on appeal the issue regarding the involuntariness of his plea based on his district court counsel's misadvising him in the district court that he would not receive a sentence of more than eight or 12 months.

5.    His counsel was ineffective for recommending to him that he not explain his reasons for the illegal reentry to the Court.

7.    His appellate counsel was ineffective for failing to raise on appeal the issue that his rights under the Double Jeopardy Clause were violated when his sentence was enhanced based on previous reentry charges.

8.    He was denied the effective assistance of counsel when his attorney failed to show up for sentencing and sent another attorney in his place to represent Del Cid at sentencing. The new attorney did not raise the other issues that Del Cid had brought to his other

attorney's attention and asked him to raise.

9.  His trial counsel was ineffective for failing to bring to the Court's attention as a mitigating circumstance that, because he was a deportable alien, he was ineligible for minimum security confinement, for a drug treatment program, for pre-release custody, for community confinement, or for early release, and for failing to argue that such unequal treatment violated the Equal Protection Clause of the 14th Amendment.

Because Del Cid has failed to demonstrate that his counsel was deficient in failing to raise these issues, and he has also failed to demonstrate prejudice, this Court should reject these five ineffective assistance of counsel claims without an evidentiary hearing.

### 1.    The *Strickland* Test For Ineffective Assistance Of Counsel Claims

To succeed on a claim of ineffective assistance of counsel, a defendant must prove both that his counsel's performance was deficient and that that deficient performance prejudiced his case. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *see also*, *Bell v. Cone,* 535 U.S. 685, 697-98 (2002) (reaffirming the *Strickland v. Washington* standard for reviewing ineffective assistance of counsel claims); *Brown v. United States*, No. 07-10219, 2007 WL 2900580, at *3 (11th Cir. Oct. 4, 2007) (applying two-part test of *Strickland v. Washington*).  More specifically, Del Cid must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial and/or sentencing would have been different. *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990).

In analyzing counsel's performance under the performance prong of *Strickland*, this Court must presume that the conduct of counsel was reasonable, *Yordan v. Dugger,* 909 F.2d at 477.

"Counsel is 'strongly presumed' to have rendered adequate assistance and to have exercised reasonable professional judgment," and the "proper measure of attorney performance is 'reasonableness under prevailing professional norms.' " *Brown v. United States*, 2007 WL 2900580, at *3 (internal citations omitted). A "[d]efendant must prove deficient performance by a preponderance of competent evidence. *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000)(footnotes omitted).

The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden:
>
> > The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. ... We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.
>
> > ... Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (internal citations omitted).

To succeed on an ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Brown v. United States*, 2007 WL 2900580, at *3. The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the

14

outcome of the proceeding.  *Brown v. United States*, 2007 WL 2900580, at *3; *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002).  Moreover, "[a] determination of the prejudice prong of the *Strickland* analysis is necessarily dependent on a review of the merits of the underlying claim."  *Brown v. United States*, 2007 WL 2900580, at *3.  " 'Counsel cannot be labeled ineffective for failing to raise issues which have no merit.' "  *Id.*, *quoting Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

Finally, as the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel."  *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord, Robinson v. Moore*, 300 F.3d at 1343.

**2.    The Claim On Counsel's Advice Regarding Del Cid's Sentence**

In his first claim of ineffective assistance of counsel, issue 2, Del Cid argues that his guilty plea was involuntary because his counsel provided him ineffective assistance when he advised Del Cid that his sentence would be either 12 or eight months.  But counsel for Del Cid refutes Del Cid's contention that he was told his sentence would only be 12 or eight months.  Counsel asserts in his sworn affidavit that Del Cid's contentions on this issue are "incorrect" and that he, in fact, "fully explained to Petitioner the United States Sentencing Guidelines and the statutory maximum sentence."  *See* Affidavit of Donnie W. Bethel at 2, ¶ 5.  The maximum sentence that Del Cid was facing for his offense of conviction was two years or 24 months, the sentence that was imposed in his case.  Because counsel for Del Cid accurately informed him of his possible sentence and how the Sentencing Guidelines worked, and did not improperly tell Del Cid that his sentence would only be 12 or eight months, counsel's performance with regard to

this issue was not deficient.  Therefore, Del Cid's first ineffective assistance of counsel claim should be rejected.

Furthermore, Del Cid has not established that but for counsel's advice to him, the result of his proceeding would have been different.  He does not allege that, but for counsel's advice to him that his sentence would only be 12 or eight months in jail, he would not have entered his guilty plea.  Therefore, he has also failed the prejudice requirement for this ineffective assistance of counsel claim.

### 3.    The Claim That Counsel Told Del Cid Not To Explain His Reasons For Reentering The Country

Next, in issue 5, Del Cid argues that his counsel was ineffective for recommending to him that he not explain to the district court his reasons for reentering the country.  Counsel for Del Cid at sentencing, Mr. Michael J. Petersen, states in his sworn affidavit that Del Cid's statement that Mr. Petersen recommended to him that he not explain why he was in this country illegally is "incorrect."  *See* Affidavit of Michael J. Petersen at 2, ¶ 5.  Further, Mr. Petersen specifically states that "[c]ounsel did not recommend to Del Cid that he should not speak" when the Court, at sentencing asked him if he had anything to say before the sentence was imposed.  *Id*. at 2, ¶ 6.  And finally, according to Mr. Petersen, "Del Cid did not inform Counsel at any time that he wished to address the Court during his Sentencing Hearing."  *Id*.  Mr. Bethel, Del Cid's counsel before sentencing, also states in his affidavit that "[p]rior to the sentencing hearing, I never advised Petitioner not to address the court."  *See* Affidavit of Donnie W. Bethel at 2, ¶ 6.  Because counsel for Del Cid did not recommend to him that he not explain to the district court his reasons for reentering the country, counsel's performance with regard to this issue was not

deficient.  Therefore, Del Cid's second claim of ineffective assistance of counsel should be rejected.

Further, Del Cid has not demonstrated he was prejudiced by any failure on counsel's part. In his § 2255 motion, Del Cid offers an explanation as to why he returned to this country after having previously been deported either two or three times.  His reason is that he has a wife and child to support and that the economic conditions in his home country are so bad that he came to the United States to try to provide a better life for his family.  *See* Del Cid § 2255 motion at 13, ¶ 18.  While Del Cid's reasons for coming to this country are admirable and understandable, his coming here illegally to provide that better life for his family is not.  Further, in sentencing Del Cid, the Court specifically explained at length its reasons for imposing such a harsh sentence on Del Cid, and one of those reasons was that he had entered the country illegally on a number of occasions.  The Court told Del Cid, "if you apply for legal entry into this country, I'm sure that it will be considered.  And that's the way to come back in."  *See* GX B at 8.  Based on the Court's reasoning in imposing the two-year sentence on Del Cid, it is not probable that Del Cid was prejudiced by any failure of an opportunity to explain why he was in the country illegally, if such a failure had occurred.  It cannot be said that, but for any error in counsel's representation with regard to this issue, the outcome of the sentencing would have been different.  Therefore, this ineffective assistance of counsel claim should also be rejected.

### 4. The Claim That Appellate Counsel Failed To Raise A Double Jeopardy Argument On Appeal

In issue 7 of his motion, Del Cid argues his appellate counsel was ineffective for failing to raise on appeal the issue that his rights under the Double Jeopardy Clause were violated when

his sentence was enhanced based on previous reentry charges.  Counsel's performance was not deficient, however, for failure to raise this non-meritorious issue.  As explained above, "[t]he double jeopardy clause ... prohibits successive prosecutions and multiple punishments.  It 'protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *United States v. Harvey*, 78 F.3d at 504, *citing North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted).  Del Cid was not punished twice for the same offense, after being convicted or acquitted of that offense, and he was not punished multiple times for the same offense.

Moreover, the Supreme Court has held that "[a]n enhanced sentence imposed on a persistent offender ... is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Monge v. California*, 524 U.S. at 728.  Such a sentence does not violate the Double Jeopardy Clause.  *See Nichols v. United States*, 511 U.S. at 747.  Therefore, Del Cid's double jeopardy argument is legally without merit.  " 'Counsel cannot be labeled ineffective for failing to raise issues which have no merit.' " *Brown v. United States*, 2007 WL 2900580, at *3, *quoting Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

Del Cid's third ineffective assistance of counsel claim should also be rejected.

### 5.    The Claim That Counsel Was Ineffective For Not Showing Up
   At Sentencing

Del Cid was represented in this Court at his guilty plea and at sentencing by the Public Defender's Office, although he was represented by different counsel in those proceedings.

Before sentencing, Del Cid was represented by Assistant Public Defender Donnie W. Bethel; at sentencing he was represented by Assistant Public Defender Michael J. Petersen. Del Cid argues that Mr. Bethel was ineffective for not showing up at sentencing and sending another attorney in his place to represent Del Cid at sentencing. He argues he was prejudiced by counsel's actions because Mr. Petersen did not raise the other issues that Del Cid brought to Mr. Bethel's attention and asked Mr. Bethel to raise at sentencing.

As to the deficient performance aspect of this claim of ineffective assistance of counsel, Mr. Bethel states in his affidavit that he met with Del Cid and an interpreter to discuss Del Cid's presentence report on May 23, 2007. *See* Affidavit of Donnie W. Bethel at 2, ¶ 8. Mr. Bethel also states that he explained to Del Cid that he would be in Florida on official business during the scheduled sentencing hearing, which was to take place on May 31, 2007. *Id*. Mr. Bethel told Del Cid that he could file a motion asking that the sentencing hearing be continued, or he could ask another attorney from his office to cover the hearing. *Id*. at 2-3, ¶ 8. Knowing these facts, Del Cid told Mr. Bethel that he preferred to proceed to sentencing with another attorney from his office, rather than have the sentencing hearing postponed. *Id*. at 3, ¶ 8.

Mr. Bethel's performance with regard to the sentencing hearing was not deficient. He explained to Del Cid his options with regard to going forward with the sentencing hearing, and Del Cid made a decision to go forward without asking for a continuance. Mr. Bethel did not simply not show up for Del Cid's sentencing as he seems to indicate in his motion.

Further, Del Cid has failed to demonstrate any prejudice to his case from the substitution of counsel. As to the other claims that Del Cid raises above and that he argues should have been raised at sentencing, those issue are all adequately addressed above and have been demonstrated

to be without merit.  Further, Del Cid has failed to point to any other failures on Mr. Petersen's part that prejudiced him.  Del Cid was represented by able counsel at his sentencing.  He has pointed to no prejudice entitling him to relief on this claim of error.

>    **6.**    **The Claim That Counsel Failed To Bring To The Court's Attention As A Mitigating Circumstance That, Because He Was A Deportable Alien, He Was Ineligible For Minimum Security Confinement, For A Drug Treatment Program, For Pre-Release Custody, For Community Confinement, Or For Early Release, And For Failing To Argue That Such Treatment Violated The Equal Protection Clause Of The 14th Amendment**

Del Cid's final argument of ineffective assistance of counsel is that his counsel was ineffective because he failed to bring to the Court's attention as a mitigating circumstance that, because he was a deportable alien, he was ineligible for minimum security confinement, for a drug treatment program, for pre-release custody, for community confinement, or for early release, and for failing to argue that such disparate treatment from other non-alien offenders violated the Equal Protection Clause Of The 14th Amendment.  Del Cid has failed to demonstrate both deficient performance and prejudice with regard to this claim.

In his affidavit, Mr. Bethel responds to this allegation stating that, at least in part, Del Cid is right and that he should have argued as Del Cid indicates in his motion.  He also states, in conclusory fashion, that his failure to have argued these mitigating factors "substantially prejudiced the rights of the Petitioner to a fair sentencing hearing."  *See* Affidavit of Donnie W. Bethel at 3, ¶ 3.  Despite what counsel is willing to admit, his performance was not deficient and Del Cid was not prejudiced by counsel's failure to argue these aspects of sentencing to the district court at sentencing.

First, counsel's performance was not deficient.  The implications of the two-year sentence

in this case as far as how the sentence would have to be served were not mitigating circumstances, but merely consequences of the sentence imposed. Therefore, counsel was not deficient in failing to argue these matters to the Court, a Court which had indicated that it believed this defendant, Del Cid, needed to be sentence to the maximum sentence available to ensure he was justly punished and deterred. Moreover, Del Cid has provided this Court with no legal analysis or legal authority with regard to his Equal Protection claim, and counsel cannot be ineffective for failing to raise non-meritorious issues. *See Brown v. United States*, 2007 WL 2900580, at *3, *quoting Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

And even if counsel should have raised these matters before this Court at sentencing, Del Cid has not, and cannot, demonstrate that but for counsel's failure, the outcome of Del Cid's sentencing would have been different. The Court explained at length why it believed Del Cid needed a two-year sentence. It does not appear that there is anything in the collateral consequences of that sentence that would have changed the Court's mind and resulted in a lighter sentence. To the contrary, those collateral consequences would likely have supported the Court' view that the two-years sentence was appropriate under the circumstances of Del Cid's case.

Because counsel was not deficient with regard to this issue, and because Del Cid has not demonstrated prejudice, his final claim of ineffective assistance of counsel should be rejected.

## IV.  MISCELLANEOUS

Del Cid has failed to plead facts or present sufficient evidence or argument demonstrating that he is entitled to an evidentiary hearing, and his claims for relief should be denied without such a hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*, 939 F. 2d 1455, 1465

(11th Cir. 1991). Should this Court determine that Del Cid has made any arguments not addressed in this response, the Government would request the opportunity to further respond to those arguments.

Any facts not specifically admitted in this response are denied, and the arguments made as to each claim raised are asserted in the alternative.

## V. CONCLUSION

For the above reasons, Defendant/Petitioner Jorge Alberto Del Cid has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion should be dismissed and denied without an evidentiary hearing.

Respectfully submitted this 22nd day of January, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1764
(334) 223-7135

22

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JORGE ALBERTO DEL CID** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:07cv1094-WHA** |
| **UNITED STATES OF AMERICA,** | ) | **(CR No.: 2:07cr064-WHA)** |
| | ) | |
| **Respondent.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing response and

attachments with the Clerk of the Court using the CM/ECF system and mailed, postage prepaid, a

copy of this response to the *pro se* Defendant/Petitioner as follows:

Jorge Alberto Del Cid
Rg. #12158-002
Giles W. Dalby Correctional Facility
805 North Avenue F
Post, Texas  79356

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/  Sandra J. Stewart
SANDRA J. STEWART
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1764
(334) 223-7135

23

**FILED**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

APR - 4 2007

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. ___2:07-CR-64-WHA___ |
| | ) | 8 U.S.C. § 1326(a) |
| | ) | |
| JORGE ALBERTO DEL CID | ) | |
| | ) | |
| | ) | **INDICTMENT** |

The Grand Jury charges:

<u>COUNT 1</u>

On or about the 18th day of March, 2007, in Montgomery County, Alabama, in the Middle

District of Alabama,

JORGE ALBERTO DEL CID,

defendant herein, being an alien, did knowingly re-enter and was found in the United States after

having been deported, without obtaining the permission of the Secretary of Homeland Security or

the Attorney General of the United States, in violation of Title 8, United States Code, Section

1326(a).

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Stephen P. Feaga
Assistant United States Attorney

**GOVERNMENT
EXHIBIT**

CASE
NO. 2:07-CR-64

EXHIBIT
NO. A

1                IN THE UNITED STATES DISTRICT COURT

2               FOR THE MIDDLE DISTRICT OF ALABAMA

3                       NORTHERN DIVISION

4

5   UNITED STATES OF AMERICA

6        vs.                        CR NO:   07cr-64-WHA

7   JORGE ALBERTO DEL CID

8

9

10                 *  *  *  *  *  *  *  *  *  *  *

11                     SENTENCING HEARING

12                 *  *  *  *  *  *  *  *  *  *  *

13        Before the Honorable W. Harold Albritton,

14           United States District Judge, at

15        Montgomery, Alabama, on May 31, 2007

16                 *  *  *  *  *  *  *  *  *  *  *

17

18

19  APPEARANCES:

20  FOR THE GOVERNMENT:      Stephen P. Feaga
                             Assistant United States Attorney
21

    FOR THE DEFENDANT:       Michael J. Petersen,
22                           Federal Defender

23  ALSO PRESENT:            Beverly Childress,
                             Interpreter
24

25

GOVERNMENT
EXHIBIT

CASE
NO. 2:07-CR-64

EXHIBIT
NO. B

2

1          (The above case coming on for hearing at

2   Montgomery, Alabama, on May 31, 2007, before the Honorable

3   W. Harold Albritton, United States District Judge, the

4   following proceedings were had commencing at 9:44 a.m.:)

5          MR. PETERSEN:  We're ready, Your Honor.

6          THE COURT:  All right.  I call the case of United

7   States of America versus Jorge Alberto Del Cid.  Is the

8   government ready to proceed?

9          MR. FEAGA:  We are, Your Honor.

10          THE COURT:  Good morning, Mr. Feaga.  Is the

11   Defendant ready?

12          MR. PETERSEN:  We're ready, Your Honor.

13          THE COURT:  Good morning, Mr. Petersen.  Come

14   forward, please.  Swear in the interpreter.

15          THE CLERK:  You do solemnly swear or affirm that

16   you in your official capacity as interpreter in this case

17   will translate and interpret all questions and responses

18   thereto accurately and fairly to the best of your ability,

19   so help you God?

20          THE INTERPRETER:  I do.

21          THE COURT:  All right.  I find Ms. Beverly

22   Childress to be qualified to serve as an interpreter in

23   this case.  And I thank you for your service,

24   Ms. Childress.

25          THE INTERPRETER:  You're welcome, sir.

3

 1          THE COURT:  I first want to get the record

 2   straight on the Defendant's name, because the presentence

 3   report shows two aliases.  So Mr. Petersen, I want you and

 4   your client to help me with this.  The style shows Jorge

 5   Alberto Del Cid, but the report also shows the names of

 6   Jorge Alberto Guzman, hyphen, Del Cid, and Jorge

 7   Guzman.  I want to ask the Defendant, what is your legal

 8   name?

 9          THE DEFENDANT:  Jorge Alberto Del Cid.

10          THE COURT:  All right.  I want the record to show

11   that I am holding a sentencing of Jorge Alberto Del Cid

12   but that he is also known as Jorge Alberto Guzman-Del Cid

13   and as Jorge Guzman.  I say this so there will be no

14   misunderstanding at any future time if there's a question

15   as to the identity of this person.

16          MR. PETERSEN:  Your Honor, may I have a word --

17          THE COURT:  Yes.

18          MR. PETERSEN:  -- briefly?

19          THE COURT:  Yes.

20          MR. PETERSEN:  I would like the record to show

21   that that may be -- the alias may be a confusion based

22   upon the fact that his mother's -- his father's name is

23   Guzman and his mother's name was Del Cid, and that is

24   typically hyphenated in the Hispanic world.  And it may

25   have just simply been at some point in time law

4

1  enforcement or others dropped one of the names.

2      THE COURT:  Well, it could be, and that's why I

3  don't want there to be any misunderstanding.  I'm going to

4  continue to have the style of this case United States of

5  America versus Jorge Alberto Del Cid, but I'm going to

6  have the record also reflect that those aliases may exist.

7      MR. PETERSEN:  That's correct, Your Honor.  I

8  just wanted to clarify for the record the Hispanic typical

9  procedure with the father and mother's names.

10      THE COURT:  Yes.  All right.  Mr. Del Cid, have

11  you, and Mr. Petersen, have you, as defense counsel,

12  reviewed the presentence report, including any revisions

13  that may have been made after the initial disclosures?

14      MR. PETERSEN:  Your Honor, I have reviewed the

15  presentence report.  And Mr. Bethel as his previous

16  counsel reviewed the presentence report and the revised

17  presentence report with Señor Del Cid.

18      THE COURT:  Mr. Del Cid, you have personally

19  reviewed the presentence report with your lawyers, have

20  you?

21      THE DEFENDANT:  Yes.

22      THE COURT:  According to the presentence report,

23  then, there are no objections.  Is that correct,

24  Mr. Petersen?

25      MR. PETERSEN:  We have no objections, Your Honor.

5

```
 1          THE COURT:  Mr. Feaga?

 2          MR. FEAGA:  None from the United States, Your

 3   Honor.

 4          THE COURT:  Then there being no objections to the

 5   presentence report, the Court adopts the factual

 6   statements contained in the presentence report with

 7   specific findings that the offense level is six, the

 8   criminal history category is I, the guideline range,

 9   advisory guideline range, is from zero months to six

10   months, the supervised release period is one year, and the

11   fine range is from five hundred dollars to five thousand

12   dollars.  The statutory maximum for this offense is two

13   years.  Mr. Petersen, is there anything you'd like to say

14   on behalf of your client before I pronounce sentence?

15          MR. PETERSEN:  Your Honor, we would like to bring

16   the Court's attention, and we would agree with the

17   probation officer's recommended sentence according to the

18   guideline range of six months.

19          THE COURT:  Mr. Del Cid, is there anything you'd

20   like to say?

21          THE DEFENDANT:  No.

22          THE COURT:  All right.  Mr. Feaga?

23          MR. FEAGA:  Your Honor, the United States will be

24   satisfied with whatever sentence this Court deems

25   appropriate, having reviewed the PSI and the offense.
```

6

1          THE COURT:  All right.  The sentence will now be

2    stated, but you'll have a final chance to make legal

3    objections before sentence is imposed.  I have reviewed

4    this presentence report and I have determined that the

5    advisory guidelines are totally inadequate for the

6    sentence in this case, that the guideline range is not a

7    reasonable sentence, and I base that on several things.

8          This is not the first time that this Defendant

9    faces deportation.  The records show that he was ordered

10   deported in May of 1981, but there's no record as to

11   whether he was actually deported at that time.  The record

12   shows that he served a short sentence, 60 days reduced to

13   time served, in Laredo, Texas.  There's nothing in the

14   presentence report as to what happened to him after that,

15   but it does reveal that the Defendant was deported on

16   April 28, 1987, and came back into the United States

17   illegally and was deported again on January 13th, 2006,

18   and the very next month illegally reentered the United

19   States through California.  That's in February of 2006 and

20   the basis of this offense.

21         I'm called on in arriving at a reasonable

22   sentence not only to consult the guidelines, which I have

23   done and have taken them into consideration, but also to

24   consult the provisions of 18 United States Code Section

25   3553 in arriving at a sentence that is sufficient but not

7

1  greater than necessary to comply with the purposes of

2  Section 3553(a)(2).  In looking at those considerations

3  under all the facts and circumstances of this case, I am

4  struck with the fact that a substantially higher sentence

5  is necessary in consideration of the nature and

6  circumstances of the offense and the history and

7  characteristics of the Defendant, which I have just

8  described, his having been deported twice before,

9  reentering, and reentering one month after his last

10 deportation.

11      I have also considered under 3553(a) the

12 necessity to reflect the seriousness of the offense, to

13 promote respect for the law -- this Defendant has

14 obviously shown no disrespect for the laws of the United

15 States as far as entry into this country illegally --

16 provide just punishment for the offense.  I've also looked

17 at the necessity for a sentence to afford adequate

18 deterrence to criminal conduct.  A sentence within the

19 guidelines range in this case would, in my mind, do hardly

20 anything to deter criminal conduct of the nature of which

21 the Defendant has been convicted and has pleaded guilty.

22 Also, I've looked at the necessity to protect the public

23 from further crimes of the Defendant, that being reentry.

24      It's my finding that a severe sentence is

25 necessary to impose on the Defendant in this case in hopes

1  that this is the last time that we will see this

2  individual illegally reenter this country.  I will say to

3  you, Mr. Del Cid, that if you apply for legal entry into

4  this country, I'm sure that it will be considered.  And

5  that's the way to come back in.  But other than that, it

6  appears to me you've had no substantial consequences from

7  your entries, illegal entries, other than to be again

8  deported.  That's not going to be the case this time.  I'm

9  going to sentence you so that you will be adequately

10  punished.

11      And taking into consideration the deterrence of

12  others to commit these same offenses, I'm going to vary

13  from the guidelines.  There's no basis for departing

14  upward from the guidelines, within the guidelines system,

15  but I'm going to -- considering all these circumstances

16  and things that I've just set out, I'm going to vary from

17  the guidelines and I'm going to sentence the Defendant to

18  the maximum term allowed under the statute.

19      So having made these considerations, it is the

20  order, judgment, and decree of the Court that the

21  Defendant is committed to the custody of the Federal

22  Bureau of Prisons to be imprisoned for a term of 24

23  months.  And the Court determines that sentence to be

24  reasonable.  Upon release from imprisonment, you shall be

25  placed on supervised release for a term of one year.

9

1   Within 72 hours of release from custody, you shall report

2   to the probation officer in the district to which you are

3   released.  While on supervised release, you shall comply

4   with the mandatory and standards conditions of supervised

5   release on file with this Court.

6       The Court also orders the following special

7   conditions.  You shall cooperate in the collection of

8   DNA.  In light of your illegal status, upon completion of

9   the terms of imprisonment, you shall be remanded to the

10  custody of the Federal Bureau of Immigration and Customs

11  Enforcement for deportation proceedings in accordance with

12  the Immigration and Nationality Act.  If deported, the

13  term of supervision shall be nonreporting while you live

14  outside the United States.

15      You shall not illegally reenter the United

16  States.  And if you should reenter the United States

17  during the term of supervised release, you shall report to

18  the nearest United States Probation Office within 72 hours

19  of arrival.  You shall pay to the U.S. District Court

20  Clerk a special assessment fee of one hundred dollars,

21  which is due immediately.  Based on your inability to pay,

22  the Court waives the imposition of a fine.  The Court

23  finds that there is no identifiable victim who incurred a

24  financial loss as a result of this offense.  You are

25  remanded to the custody of the United States Marshal.

10

1        Now, are there any objections to the sentence or

2   to the manner in which the Court pronounced it?  For

3   example, do you have any objections to the Court's

4   ultimate findings of facts or conclusions of law?  If you

5   fail to state objections at this point, you run the risk

6   of being unable to raise those objections on appeal.

7   Mr. Petersen?

8        MR. PETERSEN:  Your Honor, we do not object to

9   the Court's findings of fact.  However, Your Honor, we do

10  object to the statutory maximum of two years.  We would

11  believe and we would assert that that is unreasonable --

12  although the Court has stated it was a reasonable

13  sentence, we would assert that the statutory max is an

14  unreasonable sentence and that the guideline range of six

15  months is more appropriate.  Even though as the Court

16  found the Defendant has reentered the United States on at

17  least two previous occasions and possibly been deported a

18  third time -- however, the facts do not -- are not

19  available for that third time -- we would assert that the

20  two-year statutory maximum sentence is an unreasonable

21  sentence, Your Honor.

22        THE COURT:  All right.  I overrule the

23  objection.  Mr. Feaga?

24        MR. FEAGA:  Nothing from the United States, Your

25  Honor.

11

1          THE COURT:  All right.  The sentence is ordered

2   imposed as stated.  Mr. Del Cid, I advise you that you

3   have the right to appeal.  Any appeal must be taken within

4   ten days from today.  If you wish to appeal and you cannot

5   afford the cost of an appeal, you have the right to apply

6   for leave to appeal in forma pauperis, to appeal without

7   any cost to you.  And if you qualify for that, you will be

8   furnished with a free lawyer and a free transcript.  You

9   are recommitted to the custody of the United States

10  Marshal.

11          Mr. Petersen, you're excused.  Mr. Feaga, you're

12  excused.  And Court is adjourned.

13          MR. FEAGA:  Thank you, Your Honor.

14          MR. PETERSEN:  Thank you, Your Honor.

15     (At which time, 10:00 a.m., the hearing was

16      adjourned.)

17

18

19

20

21

22

23

24

25

12

1                 COURT REPORTER'S CERTIFICATE

2          I certify that the foregoing is a correct

3    transcript from the record of proceedings in the

4    above-entitled matter.

5          This 20th day of June, 2007.

6

7                      /s/ James R. Dickens
                       Official Court Reporter

8

9                 TRANSCRIBER'S CERTIFICATE

10         I certify that the foregoing is a true and

11   correct transcript, to the best of my ability, from the

12   stenographic notes provided to me by Official Court

13   Reporter James R. Dickens.

14         This 20th day of June, 2007.

15

16                     /s/ Risa L. Entrekin
                       Registered Diplomate Reporter
17                     Certified Realtime Reporter
                       Official Court Reporter
18

19

20

21

22

23

24

25

♻AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 1

# UNITED STATES DISTRICT COURT

|  MIDDLE  | District of | ALABAMA |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

| **JORGE ALBERTO DEL CID** a/k/a Jorge Alberto Guzman-Del Cid, a/k/a Jorge Del-Cid | Case Number: | 2:07cr064-WHA |
|---|---|---|
| | USM Number: | 12158-002 |

Michael Petersen
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    1 of the Indictment on April 27, 2007

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1326(a) | Reentry of deported alien | 3/18/07 | 1 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                              ☐ is    ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 31, 2007
Date of Imposition of Judgment

Signature of Judge

W. Harold Albritton, Senior United States District Judge
Name and Title of Judge

Date    5/31/07

**GOVERNMENT EXHIBIT**

CASE NO. 2:07-CR-64

EXHIBIT NO. C

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page    2    of    6

DEFENDANT:         JORGE ALBERTO DEL CID
CASE NUMBER:      2:07cr064-WHA

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**twenty-four (24) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

     ☐   at   _____   ☐ a.m.   ☐ p.m.   on   _____ .

     ☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on   _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___6___

DEFENDANT:       JORGE ALBERTO DEL CID
CASE NUMBER:     2:07cr064-WHA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**one (1) year.**


    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ____4____ of ____6____

DEFENDANT:          JORGE ALBERTO DEL CID
CASE NUMBER:        2:07cr064-WHA

## SPECIAL CONDITIONS OF SUPERVISION

In light of Defendant's illegal status, upon completion of the term of imprisonment, Defendant shall be remanded to the custody of the Bureau of Immigration and Customs Enforcement for deportation proceedings in accordance with the Immigration and Nationality Act. If deported, (a) the term of supervision shall be non-reporting while Defendant lives outside the United States; (b) Defendant shall not illegally reenter the United States; and (c) if Defendant should reenter the United States during the term of supervised release, he shall report to the nearest United States Probation Office within 72 hours of arrival.

AO 245B   (Rev. 06/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page 5 of 6 |
|---|---|---|

DEFENDANT:       JORGE ALBERTO DEL CID
CASE NUMBER:   2:07cr064-WHA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ **100.00** | $ -0- | $ -0- |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| **TOTALS** | $ _____ 0 | $ _____ 0 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐   the interest requirement is waived for the   ☐   fine   ☐   restitution.

　　☐   the interest requirement for the   ☐   fine   ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:      JORGE ALBERTO DEL CID
CASE NUMBER:    2:07cr064-WHA

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  **X**  Lump sum payment of $ __100.00__ due immediately, balance due

☐ not later than _____ , or
**X** in accordance ☐ C, ☐ D, ☐ E, or **X** F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

Payment shall be made to the Clerk, U. S. District Court, P. O. Box 711, Montgomery, AL 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## CASE NO. : 07-12594-JJ

---

## UNITED STATES OF AMERICA,

### PLAINTIFF-APPELLEE,

v.

## JORGE ALBERTO DEL CID,

### DEFENDANT-APPELLANT.

---

## BRIEF OF DEFENDANT-APPELLANT
## JORGE ALBERTO DEL CID

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION
## CASE NO.:  2:06-CR-064-WHA

---

DONNIE W. BETHEL
FEDERAL DEFENDERS
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
Counsel for Jorge Alberto Del Cid

**GOVERNMENT EXHIBIT**

CASE NO. 2:07-CR-64

EXHIBIT NO. D

Case No. 07-12594-JJ
USA v. Jorge Alberto Del Cid

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for Defendant-Appellant Jorge Alberto Del

Cid, in compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh

Circuit Rule 26.1-1, certifies that the following listed persons and parties have an

interest in the outcome of this case:

1.    Honorable W. Harold Albritton, United States District Judge, Middle

District of Alabama;

2.    Donnie W. Bethel, Esquire, Assistant Federal Defender, Middle District

of Alabama  Federal Defender Program, Inc.;

3.    Leura Garrett Canary, United States Attorney, Middle District of

Alabama;

4.    Honorable Wallace Capel, Jr., United States Magistrate Judge, Middle

District of Alabama;

5.    Honorable Charles S. Coody, United States Magistrate Judge, Middle

District of Alabama;

6.    Jorge Alberto Del Cid, Defendant-Appellant;

Case No. 07-12594-JJ
USA v. Jorge Alberto Del Cid

7.    Louis V. Franklin, Sr., Assistant United States Attorney, Middle District of Alabama;

8.    Stephen P. Feaga, Esquire, Assistant United States Attorney, Middle District of Alabama;

9.    Christine A. Freeman, Esquire, Executive Director, Middle District of Alabama Federal Defender Program, Inc.;

10.    Patricia Kemp, Esquire, Research and Writing Attorney, Middle District of Alabama Federal Defender Program, Inc.;

11.    Honorable Terry F. Moorer, United States Magistrate Judge, Middle District of Alabama;

12.    Michael J. Petersen, Esquire, Assistant Federal Defender, Middle District of Alabama Federal Defender Program, Inc.;

13.    Susan Russ Walker, Former United States Magistrate Judge, Middle District of Alabama.

**Donnie W. Bethel, Esq.**
**IN Bar Code: 14773-49**
**Attorney for Jorge Alberto Del Cid**

C2 of 2

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rules of Appellate Procedure 34(a) and (f) and Eleventh Circuit Rule 34-3(c), counsel for Defendant-Appellant Jorge Alberto Del Cid requests that oral arguments be heard in this case as the decisional process will be aided significantly by oral argument.

## CERTIFICATE OF TYPE SIZE AND STYLE

This brief is printed using 14-pitch, Times New Roman type which is proportionately spaced.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
     AND CORPORATE DISCLOSURE STATEMENT . . . . . . . . . . . . . C1 of 2

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . i

CERTIFICATE OF TYPE SIZE AND STYLE . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

i

STATEMENT OF THE ISSUES .................................... 1

STATEMENT OF THE CASE ..................................... 1

    i.    Disposition of the Case Below ............................ 1

    ii.   Statement of the Facts .................................... 1

    iii.  Standards of Review .................................... 2

SUMMARY OF THE ARGUMENT ................................. 2

ARGUMENT AND CITATIONS OF AUTHORITY ..................... 3

**I.    The District Court's Imposition of the Statutory Maximum Term of Imprisonment of Twenty-four Months as an Upward Variance Was Unreasonable.**

    **A.    The variance imposed in this case is unreasonable because it is based on the district court's singular focus on the need for deterrence.**

    **B.    The facts related to Mr. Del Cid's illegal reentry conviction do not warrant the imposition of an upward variance that is four times greater than the sentence Mr. Del Cid would have received had he been sentenced to the high end of the relevant advisory guidelines.**

CONCLUSION ............................................... 10

CERTIFICATE OF COMPLIANCE ................................ 10

CERTIFICATE OF SERVICE .................................... 11

# TABLE OF CITATIONS

**CASES:**

*United States v. Cage,*
    451 F.3d 585 (10th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Crisp,*
    454 F.3d 1285(11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5,7,8,9

*United States v. Dalton,*
    404 F.3d 1029 (8 th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Dean,*
    414 F.3d 725 (7 th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Givens,*
    443 F.3d 642 (8th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Hampton,*
    441 F.3d 284 (4th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Rattoballi,*
    452 F.3d 127 (2d Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Ture,*
    450 F.3d 352 (8th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Williams,*
    435 F.3d 1350 (11th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES:**

Federal Rule of Appellate Procedure 26.1 . . . . . . . . . . . . . . . . . . . . . . . . C1of 2

Federal Rule of Appellate Procedure 34(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Federal Rule of Appellate Procedure 34(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Federal Rule of Appellate Procedure 32 (a)(7)(B) . . . . . . . . . . . . . . . . . . . . . . . . 11

8 U.S.C. §1326(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. §3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4,5,6,7,8

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Eleventh Circuit Rule 26.1-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C1 of 2

Eleventh Circuit Rule 34-3(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment entered in the United States District Court for the Middle District of Alabama, following entry of a guilty plea before the Honorable Terry F. Moorer, United States Magistrate Judge. (R1-16, R1-21). The district court sentenced and entered judgment against Mr. Del Cid on May 31, 2007. (R1-20, 21). Mr. Del Cid timely filed his Notice of Appeal on June 4, 2007. (R1-22). This Court has jurisdiction pursuant to 28 U.S.C. §1291. Mr. Del Cid is currently incarcerated.

## STATEMENT OF THE ISSUE

Whether the district court's imposition of the statutory maximum term of imprisonment of twenty-four months as an upward variance was unreasonable.

## STATEMENT OF THE CASE

### (i)    Disposition of the Case Below

On April 4, 2007, Jorge Alberto Del Cid ("Mr. Del Cid") was charged in a one count indictment with being an alien who illegally reentered the United States after having been deported in violation of 8 U.S.C. 1326(a) (R1-8). On April 18, 2007, Mr. Del Cid had his initial appearance, was arraigned, and entered a plea of not guilty. (R1-11). On April 26, 2007, Mr. Del Cid filed a notice of intent to change his plea. (R1-13). On April 27, 2007, Mr. Del Cid entered a plea of guilty to the charge in his indictment. (R1-16).

On May 31, 2007, Mr. Del Cid was sentenced to the statutory maximum term of imprisonment of twenty-four months, and one year of supervised release. (R1-20). The sentencing judgment was entered by the district court on May 31, 2007. (R1-21). Mr. Del Cid timely filed his notice of appeal on June 4, 2007. (R1-22).

### (ii)    Statement of the Facts

At a change of plea hearing on April 27, 2007, Mr. Del Cid admitted that he had been previously deported from the United States, and that that he had illegally

1

reentered the United States in or around March 18, 2007. (R1-16).

### (iii)   Standards of Review

This Court reviews a defendant's ultimate sentence for reasonableness in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Williams*, 435 F.3d 1350, 1353 (11th Cir.2006).

## SUMMARY OF THE ARGUMENT

Although Mr. Del Cid's advisory sentencing range was zero to six months, the district court in this case imposed the statutory maximum sentence of twenty-four months imprisonment. The sentence imposed was a significant upward variance based on the district court's singular focus on the goal of deterrence to the detriment of its consideration of the other sentencing factors in 18 U.S.C. §3553(a). Because this Court acknowledged in *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) that "unjustified reliance upon any one §3553(a) factor is a symptom of an unreasonable sentence," the sentence imposed in this case should be held as unreasonable. Furthermore, the facts related to Mr. Del Cid's illegal reentry conviction simply do not warrant an upward variance that is four times higher than the sentence Mr. Del Cid would have received had he been sentenced to the high end of the relevant advisory guidelines. Thus, the sentence in this case should be vacated, and this case remanded for resentencing.

2

## ARGUMENT AND CITATIONS OF AUTHORITY

**I. THE DISTRICT COURT'S IMPOSITION OF THE STATUTORY MAXIMUM TERM OF IMPRISONMENT OF TWENTY-FOUR MONTHS AS AN UPWARD VARIANCE WAS UNREASONABLE.**

**A. The variance imposed in this case is unreasonable because it is based on the district court's singular focus on the need for deterrence to the detriment of all of the other sentencing factors listed in 18 U.S.C. §3553(a).**

At Mr. Del Cid's sentencing, the district court adopted the factual statements contained in the presentence report, which included specific findings that Mr. Del Cid's offense level was six, criminal history category was I, and advisory guideline range was from zero to six months. (R2-6). Although the probation officer recommended that Mr. Del Cid be sentenced within the advisory guideline range, the district court varied upward, and sentenced Mr. Del Cid to the statutory maximum term of twenty-four months imprisonment. (R2-5, 8).

The district court specifically stated that "[t]here [was] no basis for departing upward from the guidelines." (R2- 8). The district court further stated that its imposition of the statutory maximum sentence in this case was "necessary in consideration of the nature and circumstances of the offense and the history and characteristics of the Defendant, . . . his having been deported twice before, reentering, and reentering one month after his last deportation." (R2-7, 8).

3

In *United States v. Crisp*, 454 F.3d 1285(11th Cir. 2006), the defendant had pled guilty to one count of bank fraud which had resulted in a loss of more than $480,000 to a small, family-owned bank. The defendant had no criminal history, and the United States Probation Office had calculated the defendant's sentencing guideline range to be between 24 and 30 months. The government filed a motion for a downward departure based on the defendant's substantial assistance with the prosecution of a co-conspirator. The government recommended that the defendant be sentenced to 12 months imprisonment. At sentencing, the district court granted the government's motion for departure, and also imposed a downward variance. The variance altered the sentence from the post-departure guidelines range of 6-12 months to a final sentence of five hours incarceration.

> After pronouncing its initial sentence of probation, the district court indicated that it had considered several of the factors listed in § 3553(a). It said "that the sentence reflects the seriousness of the offense, provides just punishment, affords adequate deterrence and adequately protects the public." However, the court's primary concern, above all others, was restitution. It explained its motivation: "If the court were to impose even a short period of imprisonment, . . . the goal of restitution would be thwarted because it would adversely affect Crisp's ability to earn a living so as to be able to make restitution payments."

*United States v. Crisp*, 454 F.3d at 1290. This Court held that the variance imposed was unreasonable, in part, because the district court had "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors." *Id.*, at

4

1292. This Court explained,

> As the Eighth Circuit recently said: "An extraordinary reduction must be supported by extraordinary circumstances." *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir.2005) (discussing a § 5K1.1 departure). The circumstances of this case are not out of the ordinary at all, much less extraordinary enough to justify the extremely lenient sentence the court imposed. Cf. *United States v. Dean*, 414 F.3d 725, 729 (7th Cir.2005) (adopting a rule that "the farther the judge's sentence departs from the guidelines sentence (in either direction-that of greater severity, or that of greater lenity), the more compelling the justification based on factors in section 3553(a) that the judge must offer"); (string citations omitted).Other courts have found that a district court's "unjustified reliance upon any one [§ 3553(a)] factor is a symptom of an unreasonable sentence." *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir.2006); accord *United States v. Ture*, 450 F.3d 352, 358-59 (8th Cir.2006); *United States v. Hampton*, 441 F.3d 284, 288-89 (4th Cir.2006); see also *United States v. Cage*, 451 F.3d 585, ----, 2006 WL 1554674, at *9 (10th Cir.2006); *United States v. Givens*, 443 F.3d 642, 646 (8th Cir.2006). That is what happened in this case. The district court focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors. An unreasonable approach produced an unreasonable sentence.

*Id.,* at 1291-1292.

In this case, it appears that the district court single-mindedly focused on the goal of deterrence to the detriment of all of the other sentencing factors in 18 U.S.C. §3553(a). The district court made the following statements in explaining the reasoning for its imposition of the statutory maximum:

> This is not the first time that his Defendant faces deportation. The records show that he was ordered deported in May of 1981, but there's no record as to whether he was actually deported at that time. The

record shows that he served a short sentence, 60 days reduced to time served in Laredo, Texas. There's nothing in the presentence report as to what happened to him after that, but it does reveal that the Defendant was deported on April 28, 1987, and came back into the United States illegally and was deported again on January 13, 2006, and the very next month illegally reentered the United States through California. That's in February of 2006 and the basis of this offense.

\*\*\*

I have also considered under 3553(a) the necessity to reflect the seriousness of the offense, to promote respect for the law - - this Defendant has obviously shown no disrespect [sic] for the laws of the United States as far as entry into this country illegally - - provide just punishment for the offense. [sic] I've also looked at the necessity for a sentence to afford adequate deterrence to criminal conduct. A sentence within the guidelines range in this case would, in my mind, do hardly anything to deter criminal conduct of the nature of which the Defendant has been convicted and has pleaded guilty. Also, I've looked at the necessity to protect the public from further crime of the Defendant, that being reentry

It's my finding that a severe sentence is necessary to impose on the Defendant in this case in hopes that this is the last time we will see this individual illegally reenter this country. I will say to you, Mr. Del Cid, that if you apply for legal entry into this country, I'm sure that it will be considered. And that's the way to come back in. But other than that, it appears to me you've had no substantial consequences from your entries, illegal entries, other than to be again deported. That's not going to be the case this time. I'm going to sentence you so that you will be adequately punished.

(R2-6-8). Although the other factors listed in §3553(a) are mentioned by the district court in this case, like the court in *United States v. Crisp*, it is clear that deterrence was the principle motivation for the upward variance imposed. The district court stated its belief that an advisory guideline sentence would "do hardly anything to

6

deter criminal conduct of the nature of which the Defendant has been convicted and has pleaded guilty." (R2-7). This Court in *United States v. Crisp* found that the district court had impermissibly relied too heavily on the goal of restitution in formulating its sentence based on the district court's explanation that it felt lengthy incarceration would thwart the defendant's ability to pay restitution. 454 F.3d at 1288. The court in this case has demonstrated its heavy reliance on achieving deterrence in its explanation that the most severe sentence was necessary so that this would be "the last time we will see [Mr. Del Cid] illegally reenter this country." (R2-7-8). The district court went even further by instructing Mr. Del Cid on the proper, legal way to enter the United States. (R2-8).

This Court has held that over-reliance on one of the §3553(a) factors above the others impermissibly results in an unreasonable sentence. *Crisp*, 454 F.3d at 1292. This is exactly what occurred at Mr. Del Cid's sentencing. The court's desire to deter Mr. Del Cid from illegally reentering the United States in the future clearly carried the most weight in the district court's formulation of a sentence. Therefore, the significant upward variance imposed in this case should be vacated.

In addition to relying too heavily on the goal of deterrence, the district court in this case seems to ignore the mandate in 18 U.S.C. §3553(a) that "the court shall impose a sentence sufficient, but not greater than necessary," to comply with the

7

purposes of sentencing. In each case there is a range of sentences that a district court can impose, however, "there are also sentences outside the range of reasonableness which the district court may not impose." *United States v. Crisp*, 454 F.3d 1285, 1290 (11th Cir. 2006). In that the statutory-maximum sentence of twenty-four months imprisonment imposed in this case is four times greater than the sentence would have been if Mr. Del Cid had been sentenced at the high end of his advisory guideline range, the sentence in this case is unreasonable, and clearly greater than necessary to accomplish the overall goals of sentencing.

**B. The facts related to Mr. Del Cid's illegal reentry conviction do not warrant the imposition of an upward variance that is four times greater than the sentence Mr. Del Cid would have received had he been sentenced to the high end of the relevant advisory guidelines.**

This Court acknowledged in *United States v. Crisp* that extraordinary variances, either of greater lenity or greater severity, must be supported by extraordinary circumstances. 454 F.3d at 1291. In this case, the statutory maximum sentence imposed is four times higher than the high end of the relevant advisory guidelines. The facts related to Mr. Del Cid's illegal reentry conviction simply do not warrant such a significant upward variance.

The very nature of all illegal *reentry* cases is that the individual charged with the offense has already been deported at least once. In this case, a deportation order

8

dated in May of 1981 was issued for Mr. Del Cid, but there is no evidence that the deportation order was executed or that Mr. Del Cid was ever deported. Mr. Del Cid was deported on April 28, 1987, and at some point, he illegally reentered. His illegal reentry into the United States in February of 2007, following his deportation on January 13, 2006, forms the basis for the current conviction. Thus, the evidence in this case supports a finding that Mr. Del Cid only illegally entered the United States after deportation one time prior to the events forming the basis of the current charges.

One prior deportation and illegal reentry hardly qualifies as an extraordinary circumstance that justifies the imposition of a sentence that is four times greater than the sentence Mr. Del Cid would have received had he been sentenced to the high end of the relevant advisory guidelines.

Notably, at the time he was arrested Mr. Del Cid wasn't at the local motor vehicle office trying to obtain a fraudulent license, he wasn't in possession of forged identification documents, he wasn't engaged in other criminal activity; he was working. So, in essence, what we have here is a federalized form of criminal trespassing–the District Court has imposed the maximum possible penalty to punish a man who trespassed for the opportunity to work. That's it, nothing more. Therefore, the upward variance imposed is not supported by the record evidence in this case and the sentence is unreasonable.

9

## CONCLUSION

For the reasons set forth above, the sentence in this case should be vacated and this matter remanded to the United States District Court for the Middle District of Alabama for resentencing.

Respectfully submitted,

**Donnie W. Bethel, Esq.**
**IN Bar Code: 14773-49**
**Attorney for Jorge Alberto Del Cid**

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B), in that it contains 3,471 words as calculated by the word-processing system used to prepare this brief, which is less than the 14,000 word limitation.

**Donnie W. Bethel, Esq.**
**IN Bar Code: 14773-49**
**Attorney for Jorge Alberto Del Cid**

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353

10

## CERTIFICATE OF SERVICE

I hereby certify that I have this <u>30th</u> day of July 2007, served a copy of the

foreging Brief of Appellant in paper format upon the following, by placing a copy

of the same in the United States mail, postage prepaid addressed to the following

Appellee's counsel, and that I have completed the Internet upload on this same date

at <u>11</u> :00 A.M.:

Stephen P. Feaga, Esq.
Assistant United States Attorneys
One Court Square, Suite 201
Montgomery, Alabama 36104

**Donnie W. Bethel, Esq.**
**IN Bar Code: 14773-49**
**Attorney for Jorge Alberto Del Cid**

**FEDERAL DEFENDERS**
**MIDDLE DISTRICT OF ALABAMA**
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
TEL: (334) 834-2099
FAX: (334) 834-0353

11



**GOVERNMENT EXHIBIT**

CASE
NO. 2:07-CR-64

EXHIBIT
NO. E

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Appellee | ) | |
| | ) | |
| v. | ) | APPEAL NO. 07-12594-JJ |
| | ) | |
| JORGE ALBERTO DEL CID | ) | |
| | ) | |
| Defendant/Appellant | ) | |

## **CERTIFICATE OF INTERESTED PERSONS**

## **AND CORPORATE DISCLOSURE STATEMENT**

The following persons have an interest in the outcome of this case:

Honorable W. Harold Albritton, United States District Judge

Donnie W. Bethel, Assistant Federal Defender

Leura G. Canary, United States Attorney

Honorable Charles S. Coody, United States Magistrate Judge

Jorge Alberto Del Cid, Defendant/Appellant

Stephen P. Feaga, Assistant United States Attorney

Louis V. Franklin, Sr., Assistant United States Attorney

Christine A. Freeman, Chief Federal Defender

Patricia Kemp, Assistant Federal Defender

Honorable Terry F. Moorer, United States Magistrate Judge

Michael J. Petersen, Assistant Federal Defender

Susan Russ Walker, United States Magistrate Judge

C-1 of 1

## STATEMENT REGARDING ORAL ARGUMENT

The United States believes that the issues in this case are uncomplicated, and are addressed sufficiently herein to provide the Court an adequate basis to rule without the need for oral argument.

## CERTIFICATE OF TYPE SIZE AND STYLE

The size and style of type utilized throughout Appellee's Brief is Courier New, 12pt 10 pitch (Legal).

i

# TABLE OF CONTENTS

PAGE

Certificate of Interested Persons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . C-1 of 1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Authorities Cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      (i)     Course of Proceedings and Disposition in the Court Below . . . . . . . . . . . . . . . 1

      (ii)    Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      (iii)   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument and Citations of Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      **THE DISTRICT COURT'S IMPOSITION OF A TERM OF IMPRISONMENT OF 24 MONTHS WAS REASONABLE.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## AUTHORITIES CITED

<u>CASES</u>                                                                  <u>PAGE</u>

<u>United States v. Crisp</u>,

   454 F.3d 1285 (11th Cir. 2006) ........................................... 2

<u>United States v. Williams</u>,

   456 F.3d 1324, 1366 (11th Cir. 2005) ...................................... 2

<u>United States v. Winingear</u>,

   422 F.3d 1241, 1245 (11th Cir. 2005) ...................................... 1


*FEDERAL STATUTES*

Title 18, United States Code, Section 3553(a) ................................. 1-3

## STATEMENT OF JURISDICTION

The United States adopts the Statement of Jurisdiction contained in appellants brief.

## STATEMENT OF THE ISSUE

Whether the district court's imposition of a term of imprisonment of 24 months was reasonable

## STATEMENT OF THE CASE

**(i) Disposition of the Case Below**

The United States adopts the statement of the case contained in appellants brief.

**(ii) Statement of the Facts.**

The United States adopts the statement of the facts contained in appellants brief.

**(iii) Standards of Review.**

The United States adopts the standard of review contained in appellants brief.

## SUMMARY OF THE ARGUMENT

The District Court properly considered the sentencing factors listed in Title 18, United States Code, Section 3553(a) and properly imposed a reasonable sentence that did not amount to "unjustified" reliance on one sentencing factor.

## ARGUMENT AND CITATIONS OF AUTHORITY

I.    **THE DISTRICT COURT'S IMPOSITION OF A TERM OF**

       **IMPRISONMENT OF 24 MONTHS WAS REASONABLE.**

After correctly calculating the guidelines, the district court "may impose a more severe or more lenient sentence" as reasonable. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). "When reviewing the [severity] of a sentence for reasonableness, [the Court] will remand

1

for re-sentencing if [it is] left with the definite and firm conviction that the district court

committed a clear error of judgment in weighing the 3553(a) factors by arriving at a sentence that

lies outside the range of reasonable sentences dictated by the facts of the case." United States v.

Williams, 456 F.3d 1324, 1366 (11th Cir. 2005).

In United States v. Crisp, 454 F.3d 1285 (11th Cir. 2006) this Court applied the

reasonableness test to a sentence of 5 hours imprisonment and probation for a \$484,137.38 bank

fraud conviction. The remand for re-sentencing reflected this Courts finding that the sentence did

not reflect the seriousness of the crime, promote respect for the law, provide just punishment for

the offense, nor afford adequate deterrence to criminal conduct. In short the sentence was

unreasonable because the District Court had failed to consider the factors enumerated in Title 18,

United States Code, Section 3553(a) and "such a sentence converted a theft by fraud case in to a

loan that is unlikely to ever be repaid" id at 1291.

At the sentencing hearing in this case the District Court made findings which make it clear

that the sentence it imposed considered all proper factors and did not "unjustifiably" or

unreasonably focus on one factor. The District Court stated:

> This is not the first time that this Defendant faces deportation. The records show
> that he was ordered deported in May of 1981, but there's no record as to whether
> he was actually deported at that time. The record shows that he served a short
> sentence, 60 days reduced to time served in Laredo, Texas. There's nothing in the
> presentence report as to what happened to him after that , but it does reveal that the
> Defendant was deported on April 28, 1987, and came back into the United States
> illegally and was deported again on January 13, 2006, and the very next month
> illegally reentered the United States through California. That's in February of
> 2006 and the basis of this offense.
>
> I have also considered under 3553(a) the necessity to reflect the seriousness of the
> offense, to promote respect for the law - - provide just punishment for the offense.
> [sic] I've also looked at the necessity for a sentence to afford adequate deterrence

2

to criminal conduct. A sentence of within the guidelines range in this case would, in my mind, do hardly anything to deter criminal conduct of the nature of which the Defendant has been convicted and has pleaded guilty. Also, I've looked at the necessity to protect the public from further crime of the Defendant, that being reentry.

It's my finding that a severe sentence is necessary to impose on the Defendant in this case in hopes that this is the last time we will see this individual illegally reenter this country. I will say to you, Mr. Del Cid, that if you apply for legal entry into this country, I'm sure that is will be considered. And that's the way to come back in. But other than that, it appear to me you've had no substantial consequences from your entries, illegal entries, other than to be again deported. That's not going to be the case this time. I'm going to sentence you so that you will be adequately punished.

(R2-6-8). Since the District Court properly considered the sentencing factors listed in Title 18,

United States Code, Section 3553(a) and properly imposed a reasonable sentence that did not

amount to "unjustified" reliance on one sentencing factor the sentence was reasonable and this

appeal must fail.

3

## **CONCLUSION**

The sentence in this case was reasonable. The District Court properly considered all factors in fashioning an appropriate sentence. Even if the court had emphasized deterrence over other factors such a sentence considering all of the facts of this case would not have been unjustified.

Respectfully submitted this the 28th day of August, 2007.

STEPHEN P. FEAGA
Assistant United States Attorney

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2007, the foregoing brief was served on

counsel for the Defendant/Appellant by placing copies of the same in the United States mail, first

class and postage prepaid, addressed as follows:

>   Don Bethel
>   Federal Defenders Office
>   Middle District of Alabama
>   201 Monroe Street, Suite 407
>   Montgomery, Alabama 36104


STEPHEN P. FEAGA
Assistant United States Attorney

5

Westlaw.

Slip Copy                                                                          Page 1
Slip Copy, 2007 WL 3307319 (C.A.11 (Ala.))
**(Cite as: Slip Copy)**

U.S. v. Alberto **Del Cid**
C.A.11 (Ala.),2007.
Only the Westlaw citation is currently avail-
able.This case was not selected for publication in
the Federal Reporter.Not for Publication in West's
Federal Reporter See Fed. Rule of Appellate Pro-
cedure 32.1 generally governing citation of judicial
decisions issued on or after Jan. 1, 2007. See also
Eleventh Circuit Rules 36-2, 36-3. (Find CTA11
Rule 36-2 and Find CTA11 Rule 36-3)
  United States Court of Appeals,Eleventh Circuit.
  UNITED STATES of America, Plaintiff-Appellee,
                              v.
Jorge ALBERTO **DEL CID**, Defendant-Appellant.
                    **No. 07-12594**
                **Non-Argument Calendar.**

                    Nov. 8, 2007.

  **Background:** Defendant was convicted in the
United States District Court for the Middle District
of Alabama of reentering the United States after
having been previously deported, and he appealed
his 24-month sentence.

  **Holdings:** The Court of Appeals held that:

  (1) sentence was not procedurally unreason-
able, and

  (2) sentence was not substantively unreason-
able.

Affirmed.

[1] Sentencing and Punishment 350H ⟜0

350H Sentencing and Punishment
The defendant's 24-month sentence for reentering
the United States after having been previously de-
ported was not procedurally unreasonable; the dis-
trict court did not focus single-mindedly on one of
the statutory sentencing factors to the detriment of
the others, the court discussed the sentencing
guidelines range, the nature and circumstances of

the offense, the history and characteristics of the
defendant, the seriousness of the offense, the need
to promote respect for the law, specific and general
deterrence, and the need to protect the public, and
the sentence did not operate to the detriment of the
sentencing factors. 18 U.S.C.A. § 3553(a); U.S.S.G.
§ 1B1.1 et seq., 18 U.S.C.A.

[2] Sentencing and Punishment 350H ⟜0

350H Sentencing and Punishment
The defendant's 24-month sentence for reentering
the United States after having been previously de-
ported, which exceeded the sentencing guidelines
range of zero to six months, was not substantively
unreasonable; the district court considered the stat-
utory sentencing factors and found that the
guidelines range did not produce a sentence suffi-
cient to achieve the statutory purposes of senten-
cing. 18 U.S.C.A. § 3553(a); U.S.S.G. § 1B1.1 et
seq., 18 U.S.C.A.

Christine A. Freeman, Federal Defender, Donnie
Wayne Bethel, Montgomery, AL, for Defendant-
Appellant.
Stephen P. Feaga, Montgomery, AL, for Plaintiff-
Appellee.

Appeal from the United States District Court for the
Middle District of Alabama. D.C. Docket No.
07-00064-CR-A-N.

Before BLACK, MARCUS and WILSON, Circuit
Judges.

PER CURIAM:
  *1 Jorge Alberto Del Cid appeals his 24-month
sentence imposed after he pled guilty to reentering
the United States after having been previously de-
ported, without obtaining the permission of the Sec-
retary of Homeland Security or the Attorney Gener-
al, in violation of 8 U.S.C. § 1326(a). Del Cid con-
tends his sentence is both procedurally and sub-
stantively unreasonable. He contends the sentence
is procedurally unreasonable because the
court single-mindedly focused on the goal

GOVERNMENT
EXHIBIT

CASE
NO. 2:07-CR-64

EXHIBIT
NO.        F

Slip Copy                                                                                                    Page 2
Slip Copy, 2007 WL 3307319 (C.A.11 (Ala.))
**(Cite as: Slip Copy)**

terrence to the detriment of all of the other 18 U.S.C. § 3553(a) factors. Del Cid asserts the sentence is substantively unreasonable because it is four times the high end of his Guidelines range of zero to six months, at the statutory maximum, and far greater than necessary to accomplish the goals of sentencing.

After the district court has correctly calculated the Guidelines range, we review the final sentence for reasonableness. *United States v. Williams,* 435 F.3d 1350, 1353 (11th Cir.2006)."After *[United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ], a sentence may be reviewed for procedural or substantive unreasonableness. A sentence may be unreasonable if it is the product of a procedure that does not follow *Booker's* requirements, regardless of the actual sentence. Additionally, a sentence may be substantively unreasonable, regardless of the procedure used."*United States v. Hunt,* 459 F.3d 1180, 1182 n. 3 (11th Cir.2006). A defendant challenging his sentence bears the burden of establishing that it is unreasonable. *United States v. Talley,* 431 F.3d 784, 788 (11th Cir.2005).

"When reviewing a sentence for reasonableness, we must evaluate whether the sentence achieves the purposes of sentencing as stated in 18 U.S.C. § 3553(a)."*United States v. Williams,* 456 F.3d 1353, 1360 (11th Cir.2006), *cert. dismissed,*--- U.S. ----, 127 S.Ct. 3040, 168 L.Ed.2d 755 (2007). The factors presented in § 3553(a) include

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley,* 431 F.3d at 786 (citing 18 U.S.C. §

3553(a)). The weight to be accorded any given statutory factor is a matter committed to the sound discretion of the district court. *United States v. Williams,* 456 F.3d 1353, 1363 (11th Cir.2006).

In *United States v. Crisp,* 454 F.3d 1285, 1290-92 (11th Cir.2006), we found a five-hour term of imprisonment was unreasonable. Although the district court stated "the sentence reflects the seriousness of the offense, provides just punishment, affords adequate deterrence and adequately protects the public," we noted the district court's primary concern at sentencing was restitution, and the brief sentence was imposed so the defendant could earn money to make restitution payments. *Id.* at 1290.We noted "a district court's 'unjustified reliance upon any one [§ 3553(a) ] factor is a symptom of an unreasonable sentence,' " and concluded that "[t]he district court focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors. An unreasonable approach produced an unreasonable sentence ." *Id.* at 1292.

*2 [1] Del Cid's sentence was not procedurally unreasonable because the district court did not focus single-mindedly on one of the sentencing factors to the detriment of all of the others. The district court not only mentioned, but discussed, the Guidelines range, the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the need to promote respect for the law, specific and general deterrence, and the need to protect the public. *See*18 U.S.C. § 3553(a). Additionally, the district court's sentence did not operate to the detriment of the sentencing factors. The sentence in *Crisp* did not serve the non-restitution sentencing factors because, by eliminating any real incarceration in favor of maximizing the defendant's ability to pay restitution, it did "not reflect the seriousness of the crime, promote respect for the law, and provide just punishment for the offense, as § 3553(a)(2)(A) requires, nor [did] it afford adequate deterrence to criminal conduct, as § 3553(a)(2)(B) requires."*Id.* By contrast, Del Cid's sentence actually promoted these sentencing factors.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 3
Slip Copy, 2007 WL 3307319 (C.A.11 (Ala.))
**(Cite as: Slip Copy)**

[2] Further, Del Cid's sentence was not sub-
stantively unreasonable. The district court con-
sidered the § 3553(a) factors, and found the
Guidelines range did not produce a sentence suffi-
cient to achieve the statutory purposes of senten-
cing. While Del Cid's sentence was four times the
high end of the Guidelines range, any upward vari-
ance from an extremely short Guidelines range will
necessarily be a proportionally large increase. In
light of these considerations, the district court's de-
termination that a two-year sentence was required
was not unreasonable.

**AFFIRMED.**

C.A.11 (Ala.),2007.
U.S. v. Alberto Del Cid
Slip Copy, 2007 WL 3307319 (C.A.11 (Ala.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.